UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD T. MCDONNELL, Administrator of the ESTATE OF SUSAN CAROL MCDONNELL, deceased, | |
| Plaintiff, | CIVIL ACTION NO. 1:25-CV-00061 |
| v. | (SAPORITO, J.) |
| AVIS BUDGET CAR RENTAL, LLC t/d/b/a BUDGET CAR RENTAL, | |
| Defendant. | |

## MEMORANDUM

This is a diversity action, brought by the plaintiff, Gerald T. McDonnell, an individual Pennsylvania citizen, in his role as Administrator of the Estate of Susan Carol McDonnell, deceased,[1] against the defendant, Avis Budget Car Rental, LLC t/d/b/a Budget Car Rental ("Avis Budget"), a Delaware limited liability company which maintains its principal offices in New Jersey.[2] Avis Budget is in the

---

[1] Mr. McDonnell is the decedent's widower as well.

[2] Although the complaint and notice of removal do not clearly state as much, we note that the defendant, Avis Budget Car Rental, LLC, is a wholly owned subsidiary of Avis Budget Group, Inc., a publicly traded Delaware corporation which maintains its principal place of business in

*(continued on next page)*

business of renting and leasing cars and trucks to individuals and businesses.

On March 31, 2023, at about 10:30 a.m., the decedent was safely and lawfully operating her personal motor vehicle, a Honda CRV, at the intersection of Cumberland Drive and Carlisle Pike in Mechanicsburg, Pennsylvania.

At the same time, nonparty Tony Holmes Jr. was operating a white box truck, traveling southbound on Carlisle Pike. Holmes had rented the box truck from an Avis Budget location in Naperville, Illinois, on March 15, 2023, for a one-day lease, with the truck scheduled for return 24 hours later on March 16, 2023. But on the day of this incident, March 31, 2023, Holmes had been in possession of the Avis Budget box truck for a period

New Jersey. *See Valli v. Avis Budget Group, Inc.*, 162 F.4th 396, 401 n.1 (3d Cir. 2025); *Humphreys v. Budget Rent a Car Sys. Inc.*, No. 10-cv-1302, 2014 WL 1608391, at \*5 (E.D. Pa. Apr. 22, 2014). It is well established that, although a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), the place where a limited liability company is formed or where its principal place of business is located is irrelevant to its citizenship for diversity purposes; rather, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013) (internal quotation marks omitted). Thus, the defendant is a citizen of Delaware and New Jersey, as derived from its sole corporate member.

of fifteen days after his rental agreement had expired. Avis Budget had taken no affirmative steps to locate or retrieve the box truck from Holmes's possession during that 15-day period.

As the decedent was lawfully operating her vehicle, making a left-hand turn into the intersection from Cumberland Drive onto Carlisle Pike northbound, suddenly and without warning, Holmes drove the box truck southbound on Carlisle Pike and through a solid red light, colliding with the driver's side of the decedent's vehicle in a violent accident. The violent impact caused substantial damage to the decedent's vehicle, and she had to be extricated from the vehicle by first responders. As a result of the collision, the decedent suffered severe injuries, and nine days later she succumbed to those injuries and passed away.

The plaintiff filed a state-law complaint for damages in the Cumberland County Court of Common Pleas on December 9, 2024, asserting wrongful death and survival claims against Avis Budget, based on the defendant's alleged negligence. The complaint alleges that Avis Budget was negligent in: (a) failing to ensure that the box truck was returned pursuant to the rental agreement and not used beyond the rental period without authorization; (b) failing to exercise reasonable

care to prevent misuse of the box truck by Holmes; (c) failing to attempt to locate or recover the box truck when it was kept by Holmes for a significant period of time—15 days—beyond the rental period; (d) failing to take appropriate action to recover the box truck once Avis Budget knew or should have known that Holmes would continue to possess it beyond the rental period; (e) failing to have policies, procedures, or guidelines regarding repossession efforts in the event a renter kept possession of a vehicle beyond the rental period; (f) failing to train employees on policies, procedures, or guidelines regarding the recovery of vehicles that a renter had kept possession of beyond the rental period; (g) failing to install GPS or other location tracking services in Avis Budget rental vehicles such that Avis Budget could track the location of their vehicles when a renter keeps possession of the vehicle beyond the rental period; (h) failing to have policies, procedures, or guidelines to ensure that vehicles are not rented to individuals with an extensive criminal background;[3] (i) failing to take appropriate action when Holmes violated the rental agreement by keeping possession of the box truck beyond the rental period; and

_____

[3] We note that the complaint *does not* allege that Holmes had an extensive criminal background.

- 4 -

(j) allowing the box truck to remain in the possession of Holmes beyond the rental period. The complaint further alleges that these allegedly negligent acts or omissions by Avis Budget were the direct and proximate cause of the decedent's injury and death.

On January 10, 2025, Avis Budget removed the state-court action to this federal district court on diversity grounds. On March 3, 2025, Avis Budget filed a motion to dismiss this action for failure to state a claim upon which relief can be granted. Doc. 3. That motion is fully briefed and ripe for decision. Doc. 4; Doc. 8; Doc. 9.[4]

---

[4] We note that both parties have appended documentary exhibits to their briefs. The moving defendant has included: (1) a copy of the state-court docket report for the criminal prosecution of Holmes, the nonparty operator of the box truck; and (2) an *illegible* copy of the rental agreement between Holmes and Avis Budget. The nonmoving plaintiff has included fragmentary copies of incident reports prepared by the police officers who investigated the accident and arrested Holmes. In adjudicating this motion, to the limited extent to which it is relevant, we have considered the state court docket record—a district court may properly take judicial notice of state and federal court records. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967). We have excluded from consideration both the illegible rental agreement proffered by the moving defendant and the police reports proffered by the plaintiff because we find it unnecessary to rely on such matters outside the pleadings to resolve the motion before us. *See* Fed. R. Civ. P. 15(d).

## I.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic

documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## II.   DISCUSSION

Avis Budget has moved to dismiss the plaintiff's negligence claims for failure to state a claim upon which relief can be granted.

As a threshold matter, we consider whether the plaintiff's claims are barred by the Graves Amendment, 49 U.S.C. § 30106, a federal law that preempts a state-law vicarious liability claim against the owner of a commercially leased vehicle. In relevant part, the statute provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
>> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>>
>> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the

owner).

49 U.S.C. § 30106(a).

It is beyond dispute that Avis Budget, owner of the rental truck that injured the decedent, is engaged in the trade or business of renting or leasing motor vehicles. To the extent the plaintiff seeks to hold Avis Budget vicariously liable for the conduct of Holmes during the rental period, based solely on Avis Budget's role as owner of the rental truck, such claims are clearly preempted by the Graves Amendment.

But the plaintiff argues that his claims fall outside the scope of the Graves Amendment because he alleges direct negligence by Avis Budget.

> A claim for negligence under Pennsylvania law contains four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005); *see also Yun v. Great Wolf Lodge of the Poconos, LLC*, 182 F. Supp. 3d 182, 185 (M.D. Pa. 2016) (citing *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005)); *Senese v. Peoples*, 626 F. Supp. 465, 466 (M.D. Pa. 1985) (citing *Morena*

*v. S. Hills Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1983)). "Whether a defendant owes a duty to a plaintiff is a question of law." *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995); *see also Yun*, 182 F. Supp. 3d at 185.

Pennsylvania has adopted Section 314 of the Restatement (Second) of Torts, which states: "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts § 314 (A.L.I. 1965)); *see also Senese*, 626 F. Supp. at 466 (citing *Yania v. Bigan*, 155 A.2d 343, 346 (Pa. 1959)). "[T]his general rule applies 'irrespective of the gravity of the danger to which the other is subjected and the insignificance of the trouble, effort, or expense of giving him aid or protection.'" *Senese*, 626 F. Supp. at 466 (quoting Restatement (Second) of Torts § 314 cmt. c).[5]

Notwithstanding the general rule set forth in Section 314 of the

---

[5] We note that the rule stated in Section 314 "does not apply where the peril in which the other is placed is due 'to any active force which is under the actor's control,'" and the Restatement comments give an example of a conductor on a slow moving train who could readily stop the train before it struck a trespasser who had fallen in its path. *Senese*, 626 F. Supp. at 466 (quoting Restatement (Second) of Torts § 314 cmt. d). The complaint in this case, however, does not allege any facts to suggest that Avis Budget was aware of the particular peril posed to the decedent, nor that it was in a position to prevent the injury from occurring.

Restatement, the plaintiff advances several arguments that Avis Budget was negligent.

First, the plaintiff argues that Avis Budget was negligent in failing to take reasonable steps to retrieve the rental box truck after it was not returned within the rental period. Holmes had rented the truck from Avis Budget in Illinois for a period of one day, but he continued to retain possession of the truck until the motor vehicle accident in which the decedent was injured in Pennsylvania, fifteen days later. Avis Budget allegedly took no affirmative steps to locate or retrieve the box truck from Holmes's possession during that 15-day period.[6]

---

[6] Relying on a documentary exhibit—a police report attached to his brief in opposition—the plaintiff's brief further notes that Avis Budget had not yet reported to law enforcement that the vehicle had been stolen. That exhibit has been excluded pursuant to Fed. R. Civ. P. 12(d), and it is well established that a complaint cannot be amended by a brief in opposition to a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (brackets omitted) (quoting another source). Moreover, a property owner has no common-law duty to report stolen property to police. *See, e.g., Mangeris v. Gordon*, 580 P.2d 481, 483–84 (Nev. 1978) (per curiam) (noting, in rejecting a common-law negligence claim premised on the failure of private individuals and businesses to report a dangerous person to law enforcement, that "the common law [does not] require[] a citizen to report a crime; mere silence is insufficient to establish liability."). *See generally* Restatement (Second) of Torts § 314, discussed *supra*.

The plaintiff points to a state statute, 73 P.S. § 2152, which imposes on lessors of motor vehicles a duty to maintain insurance coverage on a vehicle that is not returned during its contracted rental period until such time as when the motor vehicle is reported to police as stolen. The plaintiff argues that this statutory insurance requirement implies that Avis Budget had a duty to contact police to report the vehicle stolen. But the statute addresses a lessor's duty to maintain insurance coverage only, and there is no allegation in the complaint that Avis Budget failed to maintain insurance coverage on the vehicle at any time. Moreover, by the statute's own terms, § 2152 is applicable only to vehicles rented or leased from a location within Pennsylvania. *See* 73 P.S. § 2151. The plaintiff has failed to identify any similar law in effect in Illinois, where Holmes rented the vehicle at issue in this case, or Oklahoma, where the vehicle was apparently registered.[7]

Second, the plaintiff argues that Avis Budget was negligent in failing to install a GPS tracking device on the rental box truck. But the plaintiff cites no authority whatsoever for the proposition that Avis Budget had a duty to install such a device on its rental vehicles, or any

---

[7] The court has been unable to identify any such statute as well.

broader duty Avis Budget owed *to others* to protect *its own* property from theft.

Third, the plaintiff argues that Avis Budget was negligent in failing to perform a criminal background check on Holmes. But the plaintiff cites no authority whatsoever for the proposition that Avis Budget had a duty to conduct a criminal background check prior to renting a vehicle to a licensed driver.[8] Moreover, the complaint does not allege any facts to suggest that Holmes had a criminal history that would have placed Avis Budget on notice of any danger he might pose to other drivers in operating the box truck he had rented. The complaint alleges only that Avis Budget failed to adopt and implement policies or practices to prevent renting its vehicles to individuals with an extensive criminal background.[9]

---

[8] There is nothing alleged the complaint to suggest that Holmes did not possess and present a facially valid driver's license upon renting the truck.

[9] In his brief in opposition, the plaintiff vaguely alludes to a prior felony criminal conviction. But it is well established that a complaint cannot be amended by a brief in opposition to a motion to dismiss. *See supra* note 6. Moreover, there is nothing to suggest that this prior criminal history is relevant in any way to the circumstances of the vehicular collision at issue. Moreover, as the parties have both acknowledged in their briefs, the state court docket report for criminal

*(continued on next page)*

In the absence of any legally recognized duty owed by the defendant to the decedent, the plaintiff's negligence claims against Avis Budget fail as a matter of law.

## III.   CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be granted.

An appropriate order follows.

Dated: March 13, 2026                         *s/Joseph F. Saporito, Jr.*
                                              JOSEPH F. SAPORITO, JR.
                                              United States District Judge

---

proceedings against Holmes arising from this same incident indicate that he was charged and convicted for driving under the influence of controlled substances, *first offense*, suggesting that a criminal background check would have revealed nothing to suggest a propensity to drive while under the influence of controlled substances.